## Commonwealth v. Evans

*Martin H. Philip*, for Commonwealth.
*Paul A. McGinley*, for defendant.

HENNINGER, P. J., June 11, 1956.—Judgment was entered to above term and number on a compliance recognizance for $500 entered by defendant in a proceedings in domestic relations to no. 43A, June term 1953, in the Court of Quarter Sessions of Lehigh County.

There is presently in arrears on the support order, in favor of Minerva M. Evans for the support of herself and her minor son, the sum of $110, and there is a continuing liability of defendant for future support at $10 per week in favor of the wife.

Defendant has tendered the sum of $110 upon condition that the judgment for $500 be satisfied and has offered to enter into any new recognizance the court may demand. Use-plaintiff has refused this offer.

Defendant has now obtained from this court a rule upon use-plaintiff to show cause why the record should not be satisfied upon the payment of $110, plus costs. Use-plaintiff answered that satisfaction of the recognizance would leave her without security for future payments.

In our opinion, use-plaintiff's point is well taken. Taking the judgment as a matter for the court of common pleas alone, clearly we cannot order the $500 judgment satisfied upon the payment of $110 alone, for while that is the only amount presently due, the recognizance must stand for future compliance as well and the judgment is not satisfied by the payment of the amount presently due.

As a court of common pleas, we can give no consideration to defendant's request that he be permitted to substitute a new recognizance for the balance due. We can deal only with the judgment entered in our court.

Nor does it alter the situation that the judges of the court of common pleas are also the judges of the court of quarter sessions which has jurisdiction over support orders and of recognizances: Act of June 19, 1939, P. L. 440, 17 PS §263; Commonwealth v. Ettinger, 6 D. & C. 2d 247.

Were we sitting as a court of quarter sessions, we would not be inclined to come to the aid of defendant. Fully realizing that use-plaintiff's unwillingness to satisfy the judgment is a strategic move to retain her status as a lien creditor, we nevertheless are unwilling to lend any aid to defendant. He is obviously attempting to procure a sheriff's sale of his property, occupied by his wife and son, in order to avoid the necessity of procuring her signature to a deed and her vacation of the premises.

Furthermore, the support order upon which this recognizance was given contemplated that the wife and son would live in the premises. A modification of

the order should recognize any altered condition in relation to the occupation of the premises.

We cannot prevent defendant from paying the full amount of the judgment, and if he does so, $110 thereof will be immediately payable to use-plaintiff and the balance will be payable to the clerk of quarter sessions as security for future payments.

Now, June 11, 1956, defendant's rule to compel use-plaintiff to satisfy the judgment to above term and number upon receipt of the sum of $110 and costs is discharged, without prejudice to defendant's right to pay into court the entire amount of the recognizance and costs and to have the judgment marked satisfied.